IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JO ANN BARKER**,

       Plaintiff,                                   Civ. No. 6:14-cv-0192-MC

   v.

**STATE OF OREGON, DOUGLAS
COUNTY TRIAL COURT, et al**,                     **OPINION and ORDER**


       Defendants.

_____


MCSHANE, Judge:


    For the reasons set forth below, Defendants' **Motion to Dismiss [#26]** is **GRANTED.**

Accordingly, Plaintiff's Second Amended Complaint is **DISMISSED** with prejudice, and all

other pending motions are **DENIED** as moot.


1 – OPINION AND ORDER

## PROCEDURAL BACKGROUND

On July 21, 2014, the Defendants filed a Motion to Dismiss [#26] pursuant to Fed. R. Civ. P. 12 (b)(1) and Fed. R. Civ. P. 12 (b)(6). The Plaintiff filed responses on August 20, 2014 [#34] and October 8, 2014 [#38]. The matter is now before this Court.

## STANDARD OF REVIEW

In considering a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), it is the Plaintiff's burden to show that the court does in fact have jurisdiction. To do so, a plaintiff must clearly allege facts that demonstrate that the court has jurisdiction. If the facts alleged do *not* establish jurisdiction, the complaint should be dismissed under Fed. R. Civ. P. 12(b)(1). See *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), Cert. denied, 454 U.S. 1031 (1981).

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), a trial court accepts all well-pleaded allegations of the complaint as true and gives plaintiff the benefit of all favorable inferences that may be drawn from the facts alleged. *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987). A complaint may be dismissed for failure to state a claim based on insufficient facts in the complaint under a cognizable legal theory, or on the lack of a cognizable legal theory itself. *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 533-34 (9th Cir. 1984).

# DISCUSSION

Subject Matter Jurisdiction:

Plaintiff Barker's claims are barred by the *Rooker-Feldman* doctrine, which bars actions in federal district courts that seek review of state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); and *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). In other words, a federal district court lacks subject matter jurisdiction to engage in appellate review of a state court judgment. In this case, plaintiff Barker seeks review of a speeding ticket which was issued to her on February 23, 2012. [#17 at page 2]. On May 21, 2012, the trial court found Barker guilty. [#17 at page 3]. Barker appealed the trial court's guilty finding to the Oregon Court of Appeals, which affirmed the lower court's decision. [#17 at page 6]. Barker's petition for review to the Oregon Supreme Court was denied on November 27, 2013 and again on January 16, 2014 on a request for reconsideration. [#17 at page 7].

Because the plaintiff has not alleged any facts demonstrating that this court has jurisdiction, the complaint is dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. This court simply cannot review an adverse state court judgment because it lacks the subject matter jurisdiction to do so. A further discussion of the *Rooker-Feldman* doctrine can be found in this court's previous Order [#32].

Failure to State a Claim:

The Plaintiff's complaint is also dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because the plaintiff has not pled sufficient facts under a cognizable legal theory. A further discussion of this issue is unnecessary because it has already been addressed in previous orders [#18, 25, 32, and 36], and because dismissal is already warranted for lack of subject matter jurisdiction as explained above.

3 – OPINION AND ORDER

<u>Deficiencies Not Cured:</u>

Before dismissing a *pro se* civil rights complaint, this court supplies the plaintiff with a statement of the complaint's deficiencies, and gives them reasonable time to cure them. *McGuckin,* 974 F.2d at 1055; *Karim-Panahi,* 839 F.2d at 623-24; *Eldridge v. Block,* 832 F.2d 1132, 1136 (9th Cir. 1987); *Noll v. Carlson,* 809 F.2d 1446, 1447 (9th Cir. 1987). This court did so in its Show Cause Order [#18], wherein the Plaintiff was ordered to cure the deficiencies within 30 days from the date of the order (June 9, 2014). The court granted a further extension of time on July 18, 2014 [#25]. The deficiencies have not been cured and the Defendants' motion to dismiss is also warranted as explained above.

All other issues identified by the defendants in their briefs are moot.


## CONCLUSION

For these reasons, Defendants' **Motion to Dismiss [#26]** is **GRANTED**, based on a lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12 (b)(1) and Fed. R. Civ. P. 12 (b)(6). Accordingly, all other pending motions are **DENIED** as moot and Plaintiff's case is **DISMISSED** with prejudice. IT IS SO ORDERED.


DATED this 16th day of October, 2014.


_____/s/ Michael J. McShane_____
Michael J. McShane
United States District Judge

4 – OPINION AND ORDER